United States District Court
Southern District of Texas
**ENTERED**
April 12, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MIGUEL HINOJOSA, § | | |
|    Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 1:17-243 | |
| § | | |
| LORIE DAVIS, § | | |
|    Respondent. § | | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On December 11, 2017, Petitioner Miguel Hinojosa filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Dkt. No. 1. Hinojosa appears to challenge two convictions: a 1995 conviction in Cameron County for illegal investment and a 1998 conviction in Travis County for possession of a controlled substance. Dkt. No. 1.

On March 14, 2018, the State of Texas filed a motion for summary judgment. Dkt. No. 21. Hinojosa filed a response. Dkt. No. 23. This motion is currently pending before the Court.

After reviewing the record and the relevant case law, the Court recommends that the motion for summary judgment be granted. The instant petition is a second or successive petition, over which this Court lacks jurisdiction. In the alternative, if the petition is not considered successive, it is nevertheless untimely, for which reason it should be dismissed.

**I. Background**

   **A. Factual Background**

      **1. 1995 Conviction**

In July 1991, Hinojosa was indicted in the 197th Judicial District Court in Cameron County, Texas, for one count of illegal investment. Dkt. No. 19-18, p. 976.[1] Illegal

---

[1] The page citations refers to the Bates-stamped number on the bottom right of the page.

investment is not a securities violation, but rather punishes the bartering of property or use of funds that were derived from the commission of a criminal offense or are intended to finance a future criminal offense. TEX. HEALTH AND SAFETY CODE § 481.126. The grand jury indicted Hinojosa for investing funds to "further the commission of the offense of aggravated possession of marijuana." Dkt. No. 19-18, p. 976.

Hinojosa was convicted after a jury trial and sentenced to 39 years of incarceration. Dkt. No. 19-12, p. 741. On March 10, 1994, the Thirteenth Circuit Court of Appeals reversed the conviction and remanded the case for a new trial. Id, pp. 741-749.

On January 9, 1995 – after the case was remanded – Hinojosa pled no contest to one count of illegal investment and was sentenced to 10 years of incarceration. Dkt. No. 19-18, pp. 987-990; see also Wightman-Cervantes v. Texas, No. CIV.A.3:03-CV-3025-D, 2005 WL 770598, at *1, n. 3 (N.D. Tex. Apr. 6, 2005) (a plea of no contest is "the equivalent of a guilty plea" under Texas law).

On October 20, 2004, Hinojosa filed an application for a writ of habeas corpus, challenging his 1995 conviction. Dkt. No. 19-18, p. 949. On May 4, 2005, the Court of Criminal Appeals denied the application "without written order." Id, p. 945.[2]

On August 1, 2006, Hinojosa filed an additional application for a writ of habeas corpus, challenging his 1995 conviction. Dkt. No. 19-23, p. 1010. On September 27, 2006, the Court of Criminal Appeals dismissed the application as a "subsequent application" Id, p. 1006.

On November 9, 2009, Hinojosa filed yet another application for a writ of habeas corpus, challenging his 1995 conviction. Dkt. No. 19-25, p. 1059. On January 20, 2010, the Court of Criminal Appeals dismissed the application as a "subsequent application" Id, p. 1041.

---

[2] The denial signified that the Appeals Court had considered the merits of Hinojosa's petition and found that relief was not warranted. Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc). A ruling that dismisses a habeas petition is considered a procedural ruling and not a review of the merits of the claim. Id.

On November 29, 2011, Hinojosa filed another application for a writ of habeas corpus, again challenging his 1995 conviction. Dkt. No. 19-30, p. 1153. On January 11, 2012, the Court of Criminal Appeals again dismissed the application as a "subsequent application" Id, p. 1149.

On August 21, 2017, Hinojosa again filed an application for writ of habeas corpus, attacking his 1995 conviction. Dkt. No. 20-9, p. 1315. On November 13, 2017, the Court of Criminal Appeals dismissed the petition on the grounds that Hinojosa's sentence had already been discharged. Dkt. No. 20-16, p. 1414. Hinojosa was "discharged" from his sentence for his 1995 conviction on August 19, 2003. Dkt. No. 21-1, p. 2.

In all of his state habeas petitions, Hinojosa raised nearly identical claims, namely that the judge and prosecutor conspired against him; his defense attorney was ineffective; the prosecutor committed perjury and obstructed justice; that he was denied the right to testify before the grand jury; and that the police officers committed perjury.

### 2. 1998 Conviction

On July 22, 1998, Hinojosa was convicted of possession of a controlled substance and sentenced to 40 years of imprisonment. Dkt. No. 19-29, p. 1091. The jury found that Hinojosa had two prior felony convictions: the 1995 conviction discussed earlier, and a 1989 conviction for possession of marijuana. Id. That finding mandated a minimum sentence of at least 25 years. TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 1993). Thus, the existence of the 1995 conviction was necessary element to find that Hinojosa was an habitual felon.

On September 16, 1999, the Third Court of Appeals affirmed Hinojosa's conviction on direct appeal. Hinojosa v. State, No. 03-99-00018-CR, 1999 WL 716590, at *1 (Tex. App. Sept. 16, 1999). Hinojosa did not file a petition for discretionary review with the Court of Criminal Appeals.

On January 12, 2004, Hinojosa filed an application for a writ of habeas corpus, challenging a prison disciplinary proceeding, but citing his 1998 conviction. Dkt. No. 19-15, p. 827. On May 4, 2005, the Court of Criminal Appeals denied the application "without

On November 29, 2011, Hinojosa filed another application for a writ of habeas corpus, again challenging his 1995 conviction. Dkt. No. 19-30, p. 1153. On January 11, 2012, the Court of Criminal Appeals again dismissed the application as a "subsequent application" Id, p. 1149.

On August 21, 2017, Hinojosa again filed an application for writ of habeas corpus, attacking his 1995 conviction. Dkt. No. 20-9, p. 1315. On November 13, 2017, the Court of Criminal Appeals dismissed the petition on the grounds that Hinojosa's sentence had already been discharged. Dkt. No. 20-16, p. 1414. Hinojosa was "discharged" from his sentence for his 1995 conviction on August 19, 2003. Dkt. No. 21-1, p. 2.

In all of his state habeas petitions, Hinojosa raised nearly identical claims, namely that the judge and prosecutor conspired against him; his defense attorney was ineffective; the prosecutor committed perjury and obstructed justice; that he was denied the right to testify before the grand jury; and that the police officers committed perjury.

### 2. 1998 Conviction

On July 22, 1998, Hinojosa was convicted of possession of a controlled substance and sentenced to 40 years of imprisonment. Dkt. No. 19-29, p. 1091. The jury found that Hinojosa had two prior felony convictions: the 1995 conviction discussed earlier, and a 1989 conviction for possession of marijuana. Id. That finding mandated a minimum sentence of at least 25 years. TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 1993). Thus, the existence of the 1995 conviction was necessary element to find that Hinojosa was an habitual felon.

On September 16, 1999, the Third Court of Appeals affirmed Hinojosa's conviction on direct appeal. Hinojosa v. State, No. 03-99-00018-CR, 1999 WL 716590, at *1 (Tex. App. Sept. 16, 1999). Hinojosa did not file a petition for discretionary review with the Court of Criminal Appeals.

On January 12, 2004, Hinojosa filed an application for a writ of habeas corpus, challenging a prison disciplinary proceeding, but citing his 1998 conviction. Dkt. No. 19-15, p. 827. On May 4, 2005, the Court of Criminal Appeals denied the application "without

written order." Id, p. 792.

On July 11, 2017, Hinojosa filed an additional application for a writ of habeas corpus, directly challenging his 1998 conviction. Dkt. No. 20-8, p. 1288-1305. On September 20, 2017, the Court of Criminal Appeals denied the application "without written order." Dkt. No. 20-10, p. 1341.

On August 18, 2017, Hinojosa filed an application for a writ of habeas corpus; this time challenging his parole proceedings, but citing his 1998 conviction. Dkt. No. 20-12, p. 1370. On November 15, 2017, the Court of Criminal Appeals denied the application "without written order." Dkt. No. 20-17, p. 1415.

### 3. Prior Federal Habeas Review

On February 27, 2012, Hinojosa filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Hinojosa v. Stephens, Civil No. 1:12-49 (S.D. Tex. 2012), Dkt. No. 1 (hereafter "first federal habeas"). In that case, Hinojosa attacked both his 1995 and 1998 convictions, claiming actual innocence; that the judge and prosecutors conspired against him; grand jury errors; and that his counsel was ineffective. See Dkt. No. 52, p. 2 (outlining Hinojosa's claims).

On August 26, 2014, the Magistrate Judge issued a report and recommendation, which recommended that the petition be dismissed for lack of jurisdiction and untimeliness. Dkt. No. 52.

On October 1, 2014, the District Judge adopted the report and recommendation in full, dismissing Hinojosa's petition and denying the issuance of a certificate of appealability. Dkt. No. 63.

On November 30, 2015, the Fifth Circuit denied Hinojosa's motion for a certificate of appealability, dismissing his appeal. Dkt. No. 88. Hinojosa did not file a petition for writ of certiorari with the Supreme Court of the United States.

### B. Procedural History

On December 11, 2017, Hinojosa filed the instant petition for writ of habeas corpus. Dkt. No. 1. In his petition, Hinojosa argues that his 1995 conviction was invalid because (1) the indictment was defective; (2) prosecutorial misconduct; (3) his co-defendant was murdered by the Brownsville Police Department; (4) the jury foreman threatened other jurors in order to achieve a guilty verdict; and, (5) ineffective assistance of counsel.

On March 14, 2018, the State of Texas filed a motion for summary judgment, arguing that the Court lacks jurisdiction because Hinojosa's petition is a successive habeas petition and no court of appeals permission has been granted for its consideration. Dkt. No. 21.

On April 5, 2018, Hinojosa filed a response to the motion for summary judgment. Dkt. No. 23.

## II. Applicable Law

### A. Summary Judgment

Summary judgment pursuant to Rule 56(c) is appropriate where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). All inferences are made and doubts are resolved in favor of the nonmoving party. Dean v. City of Shreveport, 438 F.3d 448, 454 (5th Cir. 2006). Hearsay is not competent summary judgment evidence. Martin v. John W. Stone Oil Distributor, Inc., 819 F.2d 547, 549 (5th Cir. 1987).

5

A court may determine that no genuine issue of material fact exists, if it determines that no reasonable juror could find in favor of the nonmovant. Mayberry v. Vought Aircraft Co., 55 F.3d 1086, 1089 (5th Cir. 1995). The moving party, however, is not required to provide evidence negating the nonmovant's claims. Celotex Corp., 477 U.S. at 323. "[R]egardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for entry of summary judgement, as set forth in Rule 56(c), is satisfied." Id. Summary judgment is an appropriate vehicle through which to resolve a habeas petition, where the facts otherwise support such resolution. Goodrum v. Quarterman, 547 F.3d 249, 255 (5th Cir. 2008).

**B. Section 2254**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner convicted in a state court may challenge his conviction to the extent it violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, only violations of the United States Constitution or federal law are subject to review by this Court under § 2254.

In conducting such a review, a federal district court:

> may not issue a writ of habeas corpus for a defendant convicted under a state judgment unless the adjudication of the claim by the state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding."

Riddle v. Cockrell, 288 F.3d 713, 716 (5th Cir. 2002) (quoting 28 U.S.C. § 2254(d)(1)-(2)).

"A decision is contrary to clearly established federal law under § 2254(d)(1) if the state court (1) 'arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law'; or (2) 'confronts facts that are materially indistinguishable from a relevant

6

Supreme Court precedent' and reaches an opposite result.'" Simmons v. Epps, 654 F.3d 526, 534 (5th Cir. 2011) (quoting Williams v. Taylor, 529 U.S. 362, 405 (2000)).

"The state court makes an unreasonable application of clearly established federal law if the state court (1) 'identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts'; or (2) 'either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" Simmons, at 534 (quoting Williams, at 407).

Additionally, the AEDPA requires that federal law be "clearly established" "as articulated by the Supreme Court." Woodfox v. Cain, 609 F.3d 774, 800 n. 14 (5th Cir. 2010). "[A] decision by . . . [the Fifth Circuit] . . . or one of our sister circuits, even if compelling and well-reasoned, cannot satisfy the clearly established federal law requirement under § 2254(d)(1)." Salazar v. Dretke, 419 F.3d 384, 399 (5th Cir. 2005).

Furthermore, a federal court may not review a state court's determination of state law issues. Thompson v. Thaler, 432 F. App'x 376, 379 (5th Cir. 2011); McCarthy v. Thaler, 482 F. App'x 898, 903 (5th Cir. 2012). "Under § 2254, federal habeas courts sit to review state court misapplications of federal law. A federal court lacks authority to rule that a state court incorrectly interpreted its own law." Charles v. Thaler, 629 F.3d 494, 500–01 (5th Cir. 2011) (emphasis original). "It is not our function as a federal appellate court in a habeas proceeding to review a state's interpretation of its own law, and we defer to the state courts interpretation of the Texas ... statute." Schaetzle v. Cockrell, 343 F.3d 440, 449 (5th Cir. 2003) (quoting Weeks v. Scott, 55 F.3d 1059, 1063 (5th Cir. 1995)).

**C. Successive Petitions**

"Before a second or successive application [pursuant to § 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). In the absence of such court of appeals authorization, the district court lacks jurisdiction to consider the petition. Jones v. Davis, 703 F. App'x 354, 355 (5th Cir. 2017) (citing U.S. v. Key, 205 F.3d

7

773, 774-75 (5th Cir. 2000)).

**D. Timeliness**

A petitioner has a one year "period of limitation" in which to file a § 2254 petition. 28 U.S.C. § 2244(d)(1). That period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). This one year period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review" is pending in the state courts. 28 U.S.C. § 2244(d)(2).

Further, the limitations period is not jurisdictional and may be equitably tolled. Holland v. Florida, 560 U.S. 631, 645 (2010). For equitable tolling to excuse the late filing of a petition, the petitioner must show that he has been "pursuing his rights diligently" and that "some extraordinary circumstance" prevented timely filing. Id. at 649.

The filing of a state petition does not serve to "revive an expired limitation period." Villegas v. Johnson, 184 F.3d 467, 472-73 (5th Cir. 1999).

**III. Analysis**

As previously noted, Hinojosa has already filed a § 2254 petition attacking his convictions. For the reasons set forth below, this Court lacks jurisdiction because the instant petition is a second or successive petition. Furthermore, even if the Court had jurisdiction, Hinojosa's claims were untimely filed, for which reason it should be dismissed.

8

**A. Successive**

When a petitioner files a second or subsequent habeas petition attacking the same judgment of conviction that was attacked in the first petition, the second or subsequent petition is considered to be a successive petition. See Hardemon v. Quarterman, 516 F.3d 272, 275-76 (5th Cir. 2008) ("to be considered 'successive,' a prisoner's second petition must, in a broad sense, represent a second attack by federal habeas petition on the same conviction.") (quoting Vasquez v. Parrott, 318 F.3d 387, 390 (2d Cir. 2003)). The instant petition attacks the same judgment of conviction as the first § 2254 petition that Hinojosa filed. Accordingly, under the broad rule of Hardemon, the instant petition is a successive petition.

The fact that the petition is successive, does not foreclose the petition, but it does set up an additional barrier to its consideration by this Court. In certain circumstances, successive claims are permitted, but only after obtaining the Circuit Court of Appeals' permission. 28 U.S.C. § 2244(b)(3)(A). In the absence of that authorization, the district court lacks jurisdiction to hear the case. Key, 205 F.3d at 774. This rule clearly applies to this case.

Hinojosa has not identified, and the Court has not found, any authorization from the Fifth Circuit allowing Hinojosa to file the instant petition in this Court. Absent such an authorization, this Court lacks jurisdiction in this case. Thus, the Court is precluded from considering the merits of Hinojosa's claim.[3]

---

[3] The Court notes that res judicata would appear to be inapplicable to this case, despite the existence of the earlier case. Res judicata does not directly apply in the habeas context where the previous petition was denied. Griggs v. U.S., 253 F. App'x 405, 410 n. 6 (5th Cir. 2007) (collecting cases). Rather, unsuccessful habeas petitions are subject to the "second or successive" bar contained in 28 U.S.C. § 2244(b)(3) as a way of "empowering federal courts to control the potentially endless successive petitions attacking the conviction after an initial denial of habeas relief." Id.

**B. Timeliness**

As previously noted, Hinojosa had one year in which to file his § 2254 petition in this Court. As relevant here, that one year ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The Court begins by noting that if his petition was timely filed and not successive, Hinojosa could challenge his 1995 conviction, even though he has already fully served that sentence. The 1995 conviction was used to satisfy an element of the offense of the habitual offender finding in his 1998 conviction, so the 1995 conviction directly enhanced Hinojosa's sentence for the 1998 conviction. Hinojosa is still in custody for the 1998 conviction. The Fifth Circuit has concluded that "[a] habeas petitioner has the right to challenge a prior conviction used to enhance a subsequent sentence for which he is 'in custody,' even if the term for the prior conviction has expired." Crider v. Scott, 50 F.3d 1033 (5th Cir. 1995). Under those circumstances, the attack on the expired conviction is construed as "an attack on his current sentence which has been enhanced by [the prior] conviction." Id. Thus, the Court must determine if the attack on the current sentence has been timely filed.

Hinojosa's conviction on the 1998 conviction became final on October 18, 1999, when his period to file a petition for discretionary review with the Texas Court of Criminal Appeals expired. Tex. R. App. Proc. 68.2; Scott v. Johnson, 227 F.3d 260, 262 (5th Cir. 2000). By the plain language of § 2244(d)(1)(A), Hinojosa had until October 18, 2000, to file a habeas petition in federal court. Hinojosa did not file the instant petition until December 11, 2017, more than seventeen years after the deadline passed. Dkt. No. 1.

The one-year period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review" is pending in the state courts. 28 U.S.C. § 2244(d)(2). As recounted in the factual background, Hinojosa's first petition as to any of his convictions was not filed until 2004. Dkt. No. 19-18, p. 949. This petition did not toll the limitation period "because it was not filed until after the period of limitation had expired."

10

<u>Scott</u>, 227 F.3d at 263 (emphasis original).

Given that Hinojosa's state petition did not toll the statute of limitations period, his petition is untimely filed.

Furthermore, there is no basis in the record for equitable tolling. To avail himself of such relief from the limitations period, Hinojosa must establish "extraordinary circumstances" that warrant the tolling of the limitations period. <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010). Hinojosa bears the burden of establishing that equitable tolling is appropriate. <u>Phillips v. Donnelly</u>, 216 F.3d 508, 511 (5th Cir. 2000). Hinojosa has failed to meet this burden as there is no basis in the record as to why Hinojosa could not have filed his petitions before the limitations period expired.

Thus, even if the Court had jurisdiction over the case, it would still be forced to dismiss it as untimely filed.

## IV. Recommendation

It is **RECOMMENDED** that Miguel Hinojosa's petition for <u>writ of habeas corpus</u> by a person in state custody pursuant to 28 U.S.C. § 2254 be **DISMISSED** without prejudice for lack of jurisdiction. In the alternative, if jurisdiction otherwise existed to consider Hinojosa's petition, it should be dismissed as untimely filed. It is further recommended that the motion for summary judgment filed by Lorie Davis be denied as moot.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2254 motion to the Court of Appeals. 28 U.S.C. § 2253(c)(1)(A). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. <u>Id.</u> at 327; <u>Moreno v. Dretke</u>, 450 F.3d 158, 163 (5th Cir. 2006). "Importantly, in determining this

issue, we view the petitioner's arguments through the lens of the deferential scheme laid out in 28 U.S.C. § 2254(d)." Druery v. Thaler, 647 F.3d 535, 538 (5th Cir. 2011) (internal quotations omitted) (citing Barrientes v. Johnson, 221 F.3d 741, 772 (5th Cir.2000)). The district court must rule upon a certificate of appealability when it "enters a final order adverse to the applicant." Rule 11, Rules Governing § 2254 Petitions.

After reviewing Hinojosa's § 2254 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Hinojosa's § 2254 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be **DENIED**.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on April 12, 2018.

Ronald G. Morgan
United States Magistrate Judge